# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO McKENZIE,<br><br>        Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-CV-01490-AWI-SMS P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.    <u>Screening Order</u>

        A.    <u>Screening Requirement</u>

Plaintiff Gustavo McKenzie ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 21, 2005. It was transferred to this court by order filed October 25, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Plaintiff's Claims

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names former California Department of Corrections and Rehabilitation Director Jeanne Woodford, Dr. J. Klarich,[1] Dr. J. Pitts, Dr. M. Talisman, Dr. A. Brar, R.N. M. Martinez, Dr. D. Dickerson, and Correctional Officers E. Castro, and J. A. Alafa as defendants, and alleges that they violated his rights under the Eighth Amendment and Equal Protection Clause of the Fourteenth Amendment. Plaintiff is seeking money damages and injunctive relief. Because plaintiff is no longer incarcerated at the prison at which the

---

[1] The court takes judicial notice of defendant Klarich's license information with the Medical Board of California stating that defendant is deceased.

2

events giving rise to his claims occurred, plaintiff's claims for injunctive relief are moot and this action shall be treated as one for damages only. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

        1.      Eighth Amendment Claims

            a.      Excessive Force Claim

Plaintiff alleges that on October 25, 2004, while he was at the courthouse for a hearing, defendant Castro grabbed plaintiff's waistchain and dragged him down the stairs, despite being told by plaintiff that pulling the waistchain was causing the handcuffs to cut into his wrists. Plaintiff alleges that he sustained cuts wrists and swollen hands. Plaintiff alleges defendant Alafa stood there laughing.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of

force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Under federal notice pleading standards, plaintiff's allegations are sufficient to state a claim against defendant Castro. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). However, plaintiff's allegation that defendant Alafa stood there and laughed falls short of stating a claim. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). Plaintiff has alleged no facts that would support a claim against defendant Alafa.

### b. Conditions of Confinement Claim

After allegedly being dragged down the stairs and injured, plaintiff was transported to the Acute Care Hospital by defendants Castro and Alafa. Upon arrival, defendant Alafa told defendant Martinez that plaintiff had attempted to commit suicide by jumping off the stairs at the court. Defendant Martinez documented plaintiff's injuries on a report, which was given to defendant Alafa and then to the Institutional Security Unit. Defendant Martinez told defendant Brar that plaintiff had an assault against staff against him, and defendant Brar then told plaintiff that there was not anything wrong with him. Defendant Brar summoned defendant Talisman, who spoke with plaintiff for several minutes and told plaintiff he was going to be admitted to a suicide cell. Plaintiff alleges his clothing was subsequently cut off and he was placed in a cold strip-cell with only a mattress and a quilt. Plaintiff alleges defendant Talisman then went on to write a report falsely stating he attempted suicide, in contradiction of defendant Castro's written report that plaintiff attempted to escape, which plaintiff also alleges was false.

1    Plaintiff alleges that during a hearing held on October 27, 2004, he informed defendant
2    Talisman and others that he was on Depakote for his black outs and that while he was aware
3    Depokote is also used for anger management, it had been prescribed to him for seizures. Plaintiff
4    alleges that defendants Talisman and Dickerson prescribed the "same" Depakote to make it look like
5    he needed psychotropic medication. (Comp., Court Record pg. 9.) Plaintiff also alleges that
6    defendant Talisman placed him in the mental health treatment population, which resulted in him
7    being harassed by psych technicians, social workers, and medical technical assistants daily, even
8    though plaintiff refused Depakote, psycho-analysis, or anything else offered by psych personnel.

9    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
10   conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman,
11   452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials
12   must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
13   Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,
14   1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of
15   confinement, prison officials may be held liable only if they acted with "deliberate indifference to
16   a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The
17   deliberate indifference standard involves an objective and a subjective prong. First, the alleged
18   deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S.
19   825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must
20   "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at
21   837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane
22   conditions of confinement only if he knows that inmates face a substantial risk of harm and
23   disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

24   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
25   Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8
26   (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive
27   to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme
28   deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (quotations and citations omitted).

None of plaintiff's allegations give rise to any claims for relief under section 1983 for violation of the Eighth Amendment.  Plaintiff's allegations do not support a claim that any of the defendants acted with "deliberate indifference to a substantial risk of serious harm to plaintiff."  Frost, 152 F.3d at 1128.  Plaintiff's allegation that he was harassed daily by psychiatric staff does not state a claim for violation of the Eighth Amendment, and plaintiff's allegations that defendants Castro and Talisman set forth false information in their reports do not state a claim for violation of the Eighth Amendment.

### 2. Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Although plaintiff alleges that his rights under the Equal Protection Clause were violated, plaintiff has not alleged any facts that give rise to such a claim.

### 3. Supervisory Liability Claim

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation

must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Although plaintiff names former Director Woodford, former (deceased) Chief Medical Officer Klarich, and Chief Psychiatrist Pitts as defendants, plaintiff has not alleged any facts that give rise to a claim for relief under section 1983 against them. Although plaintiff alleges that he submitted grievances and letters to them, the only claim plaintiff has stated in this action is against defendant Castro for use of excessive force. The complaint is devoid of allegations upon which a supervisory liability claim may be based against these defendants stemming from Castro's alleged use of force. Accordingly, plaintiff fails to state a claim against Woodford, Klarich, or Pitts.

C.   Conclusion

Plaintiff's complaint states a claim against defendant Castro for violating the Eighth Amendment through use of excessive physical force. However, plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendant Castro on his excessive force claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Castro.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Castro on his excessive force claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   October 31, 2006**                    **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE